IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02929-BNB

WELLMAN GIBSON,

    Plaintiff,

v.

CAPT. HALL,
LT. ZAMARIPA,
WARDEN HARTLEY, and
OTHER JOHN DOES TO BE NAMED LATER,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Wellman Gibson, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Gibson, acting *pro se*, initiated this action by submitting to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe Mr. Gibson's Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Gibson*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Gibson states that in September 2010 Defendants Warden Hartley, Captain Hall, and Lieutenant Zamaripa started an honor unit where select inmates, based on behavior and seniority, are given extra privileges, including: (1) extra canteen; (2) different and extra food (being allowed to order from the officer's mess); (3) extra packages quarterly; (4) movies; (5) large screen televisions with video game players; (6) late nights on weekends; and (7) extra telephone privileges. Mr. Wellman further asserts that inmates in the honor unit also are given special mattresses that are not even available for inmates with verifiable medical problems. Mr. Wellman seeks relief allowing all inmates the same privileges as are given to the inmates in the honor unit.

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws,' " *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to sufficiently state an equal protection claim, a prisoner must show that (1) he is treated differently than a similarly situated inmate; (2) the different treatment burdens a fundamental right; and (3) the different treatment bears no rational relation to a legitimate penal interest. *See Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 984 (8th Cir. 2004) (internal quotation marks and citation omitted).

The challenged disparate treatment must be the result of purposeful discrimination. *Harris v. McRae*, 448 U.S. 297, 323 n. 26 (1980). *See also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (to properly allege equal protection claim, a

plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.") Where an equal protection claim does not implicate either a fundamental right or a protected class, the court applies a rational basis test. *See Save Palisade Fruitlands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002). Under the rational basis test a challenged government action complies with equal protection if the government's classification bears "a rational relation to some legitimate end." *Id.* at 1213.

First, Mr. Wellman fails to assert how he is similarly situated to the inmates who are housed in the honor unit. Mr. Wellman does not claim he has the same behavior record or seniority as the inmates who are housed in the honor unit, but was denied placement in the unit. Mr. Wellman only asks to be given the same privileges that are given to those inmates who are housed in the honor unit. Second, not receiving extra canteen, food or packages, or being allowed to watch movies or play video games on a large screen television does not infringe any fundamental right. Further, Mr. Wellman's special mattress claim does set forth a violation of his fundamental rights. Mr. Wellman does not state that he has a verifiable medical problem and requested a special mattress but was denied the request. Finally, providing privileges to an inmate based on good behavior does have a rational relationship to a legitimate state interest when operating a prison.

Mr. Wellman, therefore, fails to state a deprivation of his constitutional rights. The action will be dismissed as legally frivolous. Based on the above findings, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  22nd   day of    December    ,
2010.                                                    BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02929-BNB

Wellman Gibson
Prisoner No. 74384
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 22, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk